Mary McGiverin, Administratrix of the estate Dennis Keefe, deceased, Appellant, v. John Keefe.

Conveyance: PAYMENT OF CONSIDERATION. The recital of a certain
1   consideration in a deed does not raise an implied obligation on the part of the grantee to pay the grantor the difference between it and the consideration actually agreed to be paid.
  Evidence in the case held insufficient to show an agreement to pay the balance of the consideration expressed in the deed.

Accord and satisfaction: CONSIDERATION. The cancellation of a
2   mortgage and surrender of the note in consideration of a new agreement to pay a less sum, and the obligation to support the payee during his natural life, constituted a satisfaction of the original note and mortgage.

*Appeal from Johnson District Court.*— Hon. O. A. Byington, Judge.

Thursday, March 8, 1906.

ACTION by plaintiff, as administratrix of the estate of Dennis Keefe, to enforce against the defendant the payment of a note for $6,000 and the foreclosure of a mortgage securing the same on a certain tract of land conveyed by the deceased to the defendant, and also to recover for the estate $2,000 as balance of the purchase price for said land.  Defendant denied any obligation as to the claim of $2,000, and alleged that the note and mortgage had been fully satisfied and discharged by deceased during his lifetime.  After hearing the evidence the trial court entered a decree dismissing plaintiff's petition, and plaintiff appeals.— *Affirmed*.

*Thomas Stapleton* and *J. T. Beem*, for appellant.

*Ranck & Bradley* and *S. H. Fairall*, for appellee.

McCLAIN, C. J.— Before the death of Dennis Keefe in 1898 he had deeded to the defendant, his son, two hundred and fifty acres of land for a consideration named in the deed of $10,000.  At the time this deed was made deceased had four living children — the defendant, the plaintiff, and two other daughters.  These were children of his first marriage, which had been dissolved many years before by the death of these children's mother.  Subsequently Dennis Keefe had remarried, but at the time of the transaction herein referred to he was separated from his second wife. There were no children of his second marriage.  Of the two hundred and fifty acres of land above referred to, ninety acres had belonged to the first wife; but the deceased, at the time of executing the conveyance to defendant, had obligated himself, not only by the terms of the deed, but also by collateral agreement, to make good the title to the defendant.

In consideration of the conveyance the defendant was to pay $2,000 to the second wife, which has long since been paid, and execute to deceased a note for $6,000, bearing in-

terest, secured by a mortgage on the land. There is no
satisfactory evidence of any agreement on the
part of defendant to pay any additional sum
to deceased, or to any one else, and the mere
fact that the deed recited a consideration of $10,000 does
not in itself give rise to any implied obligation to pay to de-
ceased or his estate the difference between the amounts
specifically agreed to be paid and the amount named as con-
sideration in the deed. Witnesses testified to some conver-
sation with reference to a provision for $2,000 in behalf
of a brother of defendant, who had not been heard of for
several years; but there is nothing to indicate any obligation
of defendant to pay that sum of money to his father or his
father's estate. This disposes of plaintiff's claim with ref-
erence to the alleged indebtedness of $2,000.

*1. Conveyance: payment of consideration.*

It appears that after this conveyance had been made to
defendant, and the note and mortgage had been executed,
Dennis Keefe and his children became concerned lest the
living wife should, after his death, make some
claim to a share in his estate, and the plan was
conceived of making a complete distribution of
his property, so that it should be entirely beyond her reach;
and it seems that in accordance with this plan defendant
agreed to pay each of his sisters $1,000 on his father's death,
and obligated himself in writing to support his father dur-
ing the balance of his life, furnishing him necessary spend-
ing money, and at his death pay his debts and funeral ex-
penses. In accordance with this arrangement Dennis Keefe
entered of record satisfaction in full of the $6,000 mort-
gage and surrendered the note to defendant, which was sub-
sequently destroyed. Later another arrangement was en-
tered into, by all the parties concerned, by which plaintiff
received from defendant $1,000, assuming an obligation
to pay interest to her father on that amount until his death,
and the two other sisters accepted from defendant $500 each
in cash in lieu of the $1,000 which was to have been paid

*2. Accord and satisfaction: consideration.*

to them on their father's death, and the defendant took his father into his own family, undertaking to support and care for him in that way until he should die, and thereupon the written obligation which he had given to his father was canceled. These facts being sufficiently shown by the evidence, we have no difficulty in sustaining the conclusion of the trial court that the petition of plaintiff asking judgment on the $6,000 note and foreclosure of the mortgage given to secure it should be dismissed. It is not necessary to follow the argument of appellant's counsel with reference to the essential elements of accord and satisfaction. It must be clear, without citation of authorities, that the cancellation of the mortgage and the surrender of the note in consideration of a new agreement, even though that agreement was to pay a smaller amount of money, by which defendant assumed an uncertain obligation to support his father during the remainder of his life, constituted such accord and satisfaction as would release defendant from any obligation to his father's estate.

The decree of the trial court is therefore *affirmed*.